SARAH J. SMITH *vs.* WILLIAM E. KIMBALL & another, exec-
utors.

In an action against two joint executors on an account against their testator's estate, the
plaintiff, to avoid the statute of limitations, offered evidence (1) of part payments by the
testator in his lifetime; and (2) of a transaction after his death, between the plaintiff and
one of the defendants, in which money was paid by the latter and a receipt given for it
by the plaintiff as accepted upon the account, and in which the other defendant took no
part. The judge admitted the receipt in evidence; and instructed the jury that it could
not bind this defendant, if he had no part in the transaction. The jury found against
both defendants. *Held,* that the admission of the receipt afforded no ground of ex-.
ception.

CONTRACT against William E. Kimball and Isaiah Perkins, as
executors of the will of Jonathan Kimball, on an account against
the estate of the testator for upwards of $3000, for work done in
his lifetime and afterwards. The answer set up the statute of
limitations. Trial in the superior court, before *Pitman,* J., who
allowed a bill of exceptions of which the following is the sub-
stance :

Mary Kimball, a witness for the plaintiff, testified that the
plaintiff received from the defendant Kimball, within a year be-
fore bringing the action, a payment of $100 on the account ; and
that she gave into said defendant's hands a receipt for the money.
This receipt, upon call, the defendants produced ; and, against
their objection, it was allowed to be put in evidence, they con-
tending and William E. Kimball testifying that he only lent
$100 to the plaintiff as an individual transaction, and that the
receipt was afterwards left at his house in his absence, and the
plaintiff offering no evidence to connect Perkins with the receipt,
or to contradict his testimony, which was given to the effect that
he knew nothing of the receipt or of the money for which it was
rendered. The receipt was signed by the plaintiff, bore date of
the day on which William E. Kimball paid her the $100, and ac-
knowledged receiving it in part payment of her account against
the testator's estate.

" The plaintiff contended that, the receipt having been pro-
duced by the defendants on call of the plaintiff, and witnesses ex-
amined in relation to it as above recited, and the same having

been retained by the defendant Kimball in his possession after it was left at his house till the trial, should be read and submitted to the jury. The defendants objected, and contended that it was not competent to be read to the jury as affecting the defendants, or either of them; but the judge overruled the objection, and permitted the receipt to be read and go to the jury, accompanied with special instructions, not objected to by the defendants, as to how far and in what measure the receipt, and the transaction to which it related, should affect either defendant.

" The plaintiff offered evidence of payments made by the testator in his lifetime, as she alleged, to take the case out of the statute of limitations pleaded by the defendants; and the jury were carefully instructed as to the provisions in the General Stat-utes as to the effect of part payment in relation thereto by one executor.

" The jury returned a verdict against the defendants; and to the admission of said receipt the defendants except."

*D. Saunders*, ( *W. F. Gile* with him,) for the defendants.

*H. Carter*, for the plaintiff.

BY THE COURT. The plaintiff, in order to take the case out of the statute of limitations, relied, 1st. on payments made by the testator in his lifetime; 2d. on a transaction with one of his executors after his death, in the course of which a receipt was given by the plaintiff to that executor, and in which his co-executor took no part. The only exception taken at the trial was to the admission of that receipt in evidence. But the bill of exceptions finds that the court gave careful instructions to the jury (not objected to by the defendants) how far and in what manner the rest of the transaction to which it related should affect either defendant, and upon the construction of the General Statutes as to the effect of part payment by one executor to take a case out of the statute of limitations. Under the statutes, the receipt certainly could not bind an executor who had no part in the transaction. Gen. Sts. *c.* 155, §§ 13–17. The jury must therefore be presumed to have been so instructed; and whether the plaintiff was, or lawfully could be, allowed to recover against the executor with whom he dealt, is rendered wholly immaterial by the finding of

the jury against both defendants, which must have been returned upon the other issue. of payments by the testator in his lifetime.

*Exceptions overruled.*